NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
## Chicago, Illinois 60604

Argued January 21, 2016
Decided January 25, 2016

Before

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| No. 14-3342<br><br>RAVI KADIYALA,<br>    *Plaintiff-Appellant,*<br><br>*v.*<br><br>BANK OF AMERICA, N.A.,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 13 C 4533<br>Joan H. Lefkow, *Judge.* |

**Order**

After Ravi Kadiyala purchased 49% of the stock of Euro International Mortgage, Inc. (EIM), the firm opened a new account (Account 9378) at Bank of America. Kadiyala was an authorized signatory on that account. EIM provided him with credentials (username and password) that afforded him access to EIM's other accounts at the Bank. He used those credentials to transfer $200,000 out of Account 3998, of which he was not a signatory, into Account 9378. He then instructed the Bank to issue cashier's checks against the new balance in Account 9378. When he learned what Kadiyala had done, Mark Pupke, an authorized signatory on both accounts (and owner of the other 51% of EIM's stock), told the Bank to cancel the transfer and restore the funds to Account 3998. The

Bank complied. Kadiyala contends in this suit under the diversity jurisdiction that, by reversing the transfers and cancelling the checks, the Bank violated his rights under the deposit contracts. The district court granted summary judgment to the Bank.

Kadiyala's appellate argument encounters multiple obstacles, each of which requires us to affirm the district court's judgment.

First, Kadiyala was not an authorized signatory on Account 3998 and had no contractual entitlement (either as a party or a third-party beneficiary) to specify how the balance of that account would be applied.

Second, Pupke unquestionably *did* have authority over Account 3998 and told the Bank that the movement of the money was unauthorized. Kadiyala does not identify any rule of Illinois law (which governs this dispute) providing that, when a bank receives inconsistent instructions, it must always prefer the first in time.

Third, EIM, not either Kadiyala or Pupke, was the depositor. EIM was entitled to decide, through its own rules of corporate governance, who would speak for it. EIM has never contended that it authorized the transfer of funds from Account 3998 to Account 9378, or that it wants $200,000 disbursed to the person Kadiyala specified.

Fourth, the person who acquires rights under a cashier's check is the payee. Yet the payee has not protested the Bank's reversal of the transfer or the stop-payment order on the checks. Kadiyala is not authorized to assert claims on behalf of the payee.

AFFIRMED